IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR A. ZACHIAN, M.D., FACOG, : | |
| Plaintiff, : | CIVIL ACTION |
| : | No. |
| v. : | |
| : | |
| PENN SPECIALTY PRACTICES OF : | |
| THE UNIVERSITY OF PENNSYLVANIA : | JURY TRIAL DEMANDED |
| HEALTH SYSTEM, : | |
| Defendant. : | |

## COMPLAINT

1. For 43 years, beginning in 1982, Dr. Victor Zachian has devoted his career and medical practice to women's health issues. A practicing obstetrician and gynecologist ("OB/GYN"), he has drawn praise from his patients for the quality of his care, from the medical colleagues who have assisted him, and from the residents he has trained. For that and his advocacy on behalf of his patients, year after year Dr. Zachian has been selected as a Top OB/GYN Doctor by *Philadelphia Magazine*. He has received other accolades as well.

2. All that turned upside down when, on March 29, 2023, Dr. Zachian was informed by his employer, defendant Penn Specialty Practices of the University of Pennsylvania Health System ("Penn Medicine"), that his contract of employment would not be renewed. As a result, effective June 30, 2023, he was terminated.

3. Dr. Zachian was 70 years old at the time -- his skills, abilities and dedication to his patients undiminished.

4. There were no performance, disciplinary, organizational, or other valid reasons for his termination.

5. Quite the contrary. Penn Medicine fired Dr. Zachian because it deemed him too old to continue in its employ.

6. To foster that impression, rather than being honest, Penn Medicine verbally spread word to patients and staff that he had decided to "retire."

7. That was not true.

8. Moreover, as further evidence of its intent, Penn Medicine transferred his patients to OB/GYN physicians who were substantially younger than he was.

9. By terminating Dr. Zachian's employment because of his age, Penn Medicine violated the anti-discrimination provisions of the federal Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA") and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 955(a) ("PHRA").

## JURISDICTION

10. The Court has subject matter jurisdiction over Dr. Zachian's ADEA claim pursuant to 29 U.S.C. § 626(c)(1).

11. The Court has supplemental jurisdiction over Dr. Zachian's PHRA claim pursuant to 28 U.S.C. § 1367(a).

12. The Court has personal jurisdiction over the parties since they both reside, work and regularly conduct business in this judicial district. Moreover, it was in this judicial district that Penn Medicine terminated Dr. Zachian's employment.

## VENUE

13. Venue over Dr. Zachian's ADEA and PHRA claims is properly laid in this Court pursuant to the provisions of 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

14. Dr. Zachian is a citizen and resident of the Commonwealth of Pennsylvania. He resides at 1004 Riverview Lane, West Conshohocken, Pennsylvania 19428.

15. Defendant Penn Medicine is a major healthcare institution in the Philadelphia region. It maintains a corporate office for purposes of this case at 150 Monument Road, 4th Floor, Bala Cynwyd, Pennsylvania 19004.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. On September 6, 2023, Dr. Zachian filed a timely charge of age discrimination against Penn Medicine with the Philadelphia District Office of the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC cross-filed his charge with the Pennsylvania Human Relations Commission on September 12, 2023.

17. On April 2, 2025, the EEOC sent Dr. Zachian a Notice of Right to Sue letter.

18. This lawsuit is being filed in accordance with the suit-filing provisions of the ADEA and PHRA.

## ADDITIONAL FACTS

19. Dr. Zachian began his clinical career in 1982 as an attending physician at Pennsylvania Hospital in Philadelphia at which he had previously completed his residency. Since then, he has devoted his practice to obstetrics and gynecology.

20. In 1984, the first year he was eligible, he became Board certified in OB/GYN by the American Board of Obstetrics and Gynecology.

21. Dr. Zachian is also a Fellow of the American College of Obstetrics and Gynecologists ("FACOG"), a designation awarded to those obstetricians and gynecologists who have demonstrated outstanding professional achievements as well as having displayed high standards of professional and ethical practice and commitment to excellence in women's health care.

22. In 2014, after 32 years as a privately-employed attending OB/GYN physician at Pennsylvania Hospital and other local hospitals -- *e.g.*, Thomas Jefferson University Hospital and Lankenau Hospital -- Dr. Zachian became employed as an OB/GYN physician at Clinical Care Associates ("CCA") of Penn Medicine. In 2019, as a result of an organizational change, CCA was re-named as Penn Specialty Practices ("PSP").

23. Throughout Dr. Zachian's employment at CCA and PSP, he continued to earn the trust and respect of his patients, colleagues and support staff.

24. At work, Dr. Zachian split his time between PSP's Valley Forge office and its office at Washington Square in Center City Philadelphia.

25. Despite his positive performance and advocacy on behalf of women's health, CCA and PSP devalued Dr. Zachian on account of his age.

26. They did so by: decreasing his annual salary; denying him bonuses he was due; denying him opportunities to promote his practice; miscalculating the "relative value units" ("RVUs") that Penn Medicine billed to government agencies for his services; and denying him the full array of support staff needed to provide his patients with the quality of care they deserved.

27. Dr. Zachian protested these adverse actions to CCA's and PSP's administrators, but to no avail.

28. Things came to a head in early 2023.

29. That year, PSP sought a way to terminate Dr. Zachian's employment.

30. Without any basis in fact, it relied on two incidents -- one in February 2023 and the other in March 2023 -- to accomplish its purpose.

31. The first occurred on February 13, 2023 and involved Patricia Kusch, the Practice Manager at the Washington Square Center City office of PSP.

32. Ms. Kusch has a history of mistreating and verbally abusing employees.

33. On this occasion, she yelled at Dr. Zachian for keeping a patient waiting for her appointment. Her attack was unprovoked and unjustified. Dr. Zachian had been seeing other, earlier scheduled patients that day whose medical needs required considerably more time than the 20 minutes Ms. Kusch had allotted for each of Dr. Zachian's patients.

34. Rather than recognizing his need to provide proper care for his patients, Ms. Kusch verbally attacked Dr. Zachian in front of the Medical Assistants and other employees who were nearby.

35. Exasperated, Dr. Zachian made clear to Ms. Kusch that her verbal assault was uncalled for.

36. PSP conducted an "investigation" of that incident but it was flawed in a number of respects: the investigation was unfair and incomplete; PSP failed to interview all the employees who observed the incident; PSP did *not* afford Dr. Zachian a meaningful opportunity to respond to it; and it *never* informed Dr. Zachian of its outcome (if any).

37. The other incident occurred on March 7, 2023 at the Valley Forge, Pennsylvania office of PSP.

38. It involved a difficult and demanding patient who self-scheduled an appointment with Dr. Zachian for an office procedure. Prior to her arrival, Dr. Zachian reviewed her records and noted she had not had a GYN examination for 14 months. As a result, in order to meet the appropriate standard of care, Dr. Zachian informed her that she needed to have that exam done before he could perform the elective procedure she requested. To that, the patient began yelling at Dr. Zachian and repeatedly scolded him saying he should "retire." At that point, she began walking towards Dr. Zachian in a threatening manner.

39. Dr. Zachian then retreated and left the examination room as she followed and continued to berate him. In response, Dr. Zachian asked his Medical Assistant to call

security. He then went to explain what happened to the office Practice Manager, Heidi Masterson. Ms. Masterson was empathetic, realized the fault was not with Dr. Zachian and assigned the patient to another OB/GYN physician.

40. As with the February 13, 2023 incident, PSP did not conduct or complete a fair, impartial investigation of this incident. Nor did it impose any discipline or other adverse action against him because of it.

## DR. ZACHIAN IS TERMINATED

41. In the morning of March 29, 2023, Dr. Zachian was informed that he was to attend a video conference at 2:00 p.m. that day with Dr. Harvey Waxman, the head of PSP, Dr. Abigail Wolf, the Chair of the OB/GYN Department, and HR Chief, Walter Stuhlemmer.

42. The conference lasted about 15-20 minutes. Dr. Waxman informed Dr. Zachian that his annual employment contract would not be renewed and that, effective June 30, 2023, he would be terminated.

43. Dr. Waxman stated the decision was not performance-related, but rather, was taken, as he put it, "in the best interests" of the parties.

44. Neither Dr. Wolf nor Mr. Stuhlemmer said otherwise. In fact, both were complementary and spoke favorably about Dr. Zachian's years of service.

45. The real reason for PSPs decision was based on Dr. Zachian's age.

46. In fact, two weeks before the March 29, 2023 video conference, Dr. Wolf had called Dr. Zachian and told him the incidents that took place on February 17, 2023

and March 7, 2023 were likely due to his "age" and that, as a result, she suggested it was time for him "to retire."

47. Neither of those two incidents had been fairly or fully investigated at that point, nor was any action taken against Dr. Zachian because of them. *See* ¶¶ 30-40, *supra*. Yet, in the absence of a fair and fully-developed investigation, PSP's leadership had already determined that Dr. Zachian should retire.

48. As further evidence of that, at about 3:00 p.m. on March 29, 2023 -- the same day Dr. Zachian was told he was being terminated -- Dr. Zachian had a call with Rochelle Faulkner, the HR Business Partner who was assigned to investigate the two referenced incidents.

49. The purpose of that call had been to ascertain Dr. Zachian's version of those incidents. But, by then, just hours earlier, Dr. Zachian had already been told by Dr. Waxman, *et al.*, that his employment was being terminated.

50. Ms. Faulkner herself had no forewarning the decision had already been made and, therefore, made no effort to cancel her 3:00 p.m. call with Dr. Zachian.

51. Other leaders of PSP were not so reticent. They verbally conveyed word to staff and patients that Dr. Zachian had retired.

52. Among those leaders were Karen Slover, an operations manager for PSP, Sarah Ebling, an assistant to Ms. Slover, and the aforesaid Patti Kusch.

53. On information and belief, there were other PSP leaders who informed staff to tell Dr. Zachian's patients that the reason for his departure was because he had "retired."

54. That was untrue. For PSP to convey that message was to place the onus on Dr. Zachian for leaving and not on Penn Medicine where the responsibility belonged.

55. Following its decision to terminate the employment of Dr. Zachian, PSP and Penn Medicine transferred most of his patients to significantly younger OB/GYN doctors, including Dr. Devin Reilly, Dr. Sara Folit-Weinberg, Dr. Ariella Glazer, Dr. Kelly DeSouza-Sanders, Dr. Renee Anderson, and Dr. Ryan Offer.

## CLAIMS FOR RELIEF

### COUNT I:

### DEFENDANT'S VIOLATION OF THE ADEA'S NON-DISCRIMINATION PROVISION

56. Dr. Zachian repeats and incorporates by reference all the allegations set out in paragraphs 1 through 55 of the Complaint.

57. Penn Medicine terminated Dr. Zachian's employment on account of his age in violation of the ADEA's non-discrimination provision, 29 U.S.C. § 623(a)(1).

58. Penn Medicine's decision to terminate Dr. Zachian's employment was done in willful and reckless disregard of the rights afforded him by the ADEA.

59. As a direct and proximate result of Penn Medicine's violation of his ADEA rights, Dr. Zachian has suffered and will continue to suffer a loss of earnings and earning capacity including, but not limited to, a loss of wages, bonuses, professional liability insurance, health insurance, life insurance, and retirement benefits.

## COUNT II:

### DEFENDANT'S VIOLATION OF THE PHRA'S NON-DISCRIMINATION PROVISION

60. Dr. Zachian repeats and incorporates by reference all the allegations set out in paragraphs 1 through 59 of the Complaint.

61. Penn Medicine terminated Dr. Zachian's employment on account of his age in violation of Section 5(a) of the PHRA, 43 Pa.C.S.A. § 955(a).

62. As a direct and proximate result of Penn Medicine's violation of his PHRA rights, Dr. Zachian has suffered and will continue to suffer a loss of earnings and earning capacity including, but not limited to, a loss of wages, bonuses, professional liability insurance, health insurance, life insurance, and retirement benefits.

63. As a further direct and proximate result of Penn Medicine's violation of his PHRA rights, Dr. Zachian suffered physical and emotional distress, humiliation, embarrassment, loss of self-esteem, and the loss of enjoyment of life's pleasures.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victor A. Zachian, M.D., FACOG respectfully requests the Court to enter judgment in his favor and against Defendant Penn Specialty Practices of the University of Pennsylvania Health System a/k/a Penn Medicine, and to include in its judgment the following relief:

    a. An award of back pay;

    b. An award of front pay to the extent reinstatement is not feasible;

    c.    An award of liquidated damages in twice the amount of his lost earnings as authorized by the ADEA;

    d.    An award of compensatory damages for all the non-wage injuries Dr. Zachian has suffered as authorized by the PHRA;

    e.    An award of reasonable counsel fees and costs; and

    f.    Such other legal and equitable relief as may be just and proper under the circumstances.

## **JURY TRIAL DEMANDED**

Plaintiff Victor A. Zachian, M.D., FACOG demands a jury trial on all the legal claims set forth in his Complaint.

 

**RAYNES & LAWN**

By: _/s/ Harold I. Goodman_
Harold I. Goodman, Esquire
2400 Market Street
Suite 317
Philadelphia, PA  19103
215-568-6190

Attorney for Plaintiff Victor A. Zachian, M.D., FACOG

Dated:   June 26, 2025

11